# United States District Court
## Middle District of North Carolina

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| v. | |
| CHRISTOPHER LEWIS COX | Case Number: 1:09CR397-2 |
| | USM Number: 25616-057 |
| | George E. Crump, III |
| | Defendant's Attorney |

FILED JUN 0 2 2011 IN THIS OFFICE Clerk U.S. District Court Greensboro, N.C.

**THE DEFENDANT:**

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.

☒ was found guilty on counts 1, 2, 5, 6, 11 through 17 after a plea of not guilty.

ACCORDINGLY, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18:1951(a) and 2 | Interference with Commerce by Robbery | 10/31/2008 | 1 |
| 18:924(c)(1)(A)(ii) and (c)(1)(B)(i) and 2 | Carry and Use by Brandishing a Firearm during a Crime of Violence | 10/31/2008 | 2 |
| 18:1951(a) and 2 | Interference with Commerce by Robbery | 11/01/2008 | 5 |
| 18:924(c)(1)(A)(ii) and (c)(1)(B)(i) and 2 | Carry and Use by Brandishing a Firearm during a Crime of Violence | 11/01/2008 | 6 |
| 18:1951(a) and 2 | Interference with Commerce by Robbery | 11/06/2008 | 11 |
| 18:924(c)(1)(A)(ii) and (c)(1)(B)(i) and 2 | Carry and Use by Brandishing a Firearm during a Crime of Violence | 11/06/2008 | 12 |
| 18:1951(a) and 2 | Interference with Commerce by Robbery | 11/08/2008 | 13 |
| 18:924(c)(1)(A)(ii) and (c)(1)(B)(i) and 2 | Carry and Use by Brandishing a Firearm during a Crime of Violence | 11/08/2008 | 14 |
| 18:1951(a) and 2 | Interference with Commerce by Robbery | 11/12/1008 | 15 |
| 18:924(c)(1)(A)(iii) and (c)(1)(B)(i) and 2 | Carry and Use by Brandishing a Firearm during a Crime of Violence | 11/12/2008 | 16 |
| 18:1951(a) and 2 | Interference with Commerce by Robbery | 02/07/2009 | 17 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☒ The defendant has been found not guilty on counts 9 and 10.

☒ Counts 3 and 7 are dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

May 17, 2011
Date of Imposition of Judgment

*William L. Osteen, Jr.*
Signature of Judicial Officer

William L. Osteen, Jr., United States District Judge
Name & Title of Judicial Officer

6-2-2011
Date

DEFENDANT: CHRISTOPHER LEWIS COX
CASE NUMBER: 1:09CR397-2

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 1285 months.

One (1) month as to Count 1 and one (1) month, each count, as to Counts 5, 11, 13, 15 and 17 to run concurrently with the sentence imposed in Count 1;

84 months as to Count 2 to run consecutive to the sentence imposed in Count 1;

300 months as to Count 6 to run consecutive to the sentence imposed in Counts 1 and 2; and

300 months as to Counts 12, 14 and 16 to run consecutive to any other sentence, to each other, and any sentence imposed in the case.

[This sentence shall run concurrently with the sentence imposed as to the sentences that Mr. Cox is presently serving with respect to his State case, specifically with respect to starting with the first 300 sentence as to Count 6.]

☒ The court makes the following recommendations to the Bureau of Prisons: the defendant be designated to a facility where he may receive a psychological evaluation and participate in any recommended treatment, and the defendant be designated to a facility where he may participate in the intensive substance abuse treatment provided by the Bureau of Prisons. It is further recommended the defendant be designated to a facility where he may participate in the Inmate Financial Responsibility Program.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district.

    ☐ at _____ am/pm on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 pm on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____ at _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

BY
DEPUTY US MARSHAL

DEFENDANT: CHRISTOPHER LEWIS COX
CASE NUMBER: 1:09CR397-2

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **three (3) years.**

Three (3) years as to Count 1;

Three (3) years as to Counts 5, 11, 13, 15 and 17 to run concurrently with the sentence imposed as to Count 1;

Three (3) years as to Count 2 to run concurrently with the sentence imposed as to Count 1;

Three (3) years as to Count 6 to run concurrently to the sentences imposed as to Counts 1 and 2; and

Three (3) years as to Counts 12, 14 and 16 to run concurrently with the sentences imposed in all other counts.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable).

☒ The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check, if applicable)

☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable)

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. (Check, if applicable)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or a restitution obligation, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT:      CHRISTOPHER LEWIS COX
CASE NUMBER:    1:09CR397-2

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall provide any requested financial information to the probation officer.

The defendant shall not incur any new credit charges or open additional lines of credit without the approval of the probation officer.

The defendant shall submit to substance abuse testing, at anytime, as directed by the probation officer. The defendant shall cooperatively participate in a substance abuse treatment program, which may include drug testing or inpatient/residential treatment, and pay for treatment services, as directed by the probation officer. During the course of treatment, the defendant shall abstain from the use of alcoholic beverages.

The defendant shall cooperatively participate in a mental health treatment program, which may include inpatient/residential treatment, and pay for treatment services, as directed by the probation officer.

DEFENDANT: CHRISTOPHER LEWIS COX
CASE NUMBER: 1:09CR397-2

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | **Assessment** | **Fine** | **Restitution** |
|--------|----------------|----------|-----------------|
| TOTALS | $ 1,100.00     | $        | $ 1,673.08      |

☐ The determination of restitution is deferred _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be after such determination.

☒ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee      | Total Loss* | Restitution Ordered | Priority or Percentage |
|--------------------|-------------|---------------------|------------------------|
| Sam's Mart #3      | 312.00      | 312.00              |                        |
| Wilco              | 132.82      | 132.82              |                        |
| Quick Stop         | 271.26      | 271.26              |                        |
| Mainway            | 150.00      | 150.00              |                        |
| Moose Tracks Citgo | 408.00      | 408.00              |                        |
| Fast Track         | 229.50      | 229.50              |                        |
| Kangaroo #3154     | 80.00       | 80.00               |                        |
| Wilco Hess         | 89.50       | 89.50               |                        |
| **TOTALS**         | $ 1,673.08  | $ 1,673.08          |                        |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for  ☐ fine  ☐ restitution.

☐ the interest requirement for  ☐ fine  ☐ restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: CHRISTOPHER LEWIS COX
CASE NUMBER: 1:09CR397-2

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A ☒ Lump sum payment of $ 2773.08 due immediately, balance due

  ☐ not later than _____ , or

  ☒ in accordance with ☐ C, ☒ D, ☐ E, or ☐ F below; or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C ☐ Payment in equal _____ (e.g. weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☒ In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of the term of supervised release, the defendant shall make payments in equal, monthly installments of $50.00 to begin 60 days after the commencement of the term of supervised release and continuing during the entire term of supervised release or until paid in full; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are to be made to the Clerk of Court, United States District Court for the Middle District of North Carolina, P. O. Box 2708, Greensboro, NC 27402, unless otherwise directed by the court, the probation officer, or the United States Attorney. **Nothing herein shall prohibit the United States Attorney from pursuing collection of outstanding criminal monetary penalties.**

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☒ Joint and Several

Steven Craig Hopkins; 1:09cr397-1

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment; (2) restitution principal; (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.